**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION**

| | |
|---|---|
| IN RE: AFLIBERCEPT PATENT LITIGATION<br><br>**THIS DOCUMENT RELATES TO<br>ALL CASES** | MDL No. 1-24-md-3103-TSK |

**DEFENDANT AMGEN INC.'S REPLY
IN SUPPORT OF EXPEDITED MOTION REQUIRING FILING
AND SERVING OF REDACTED VERSIONS OF SEALED FILINGS**

Regeneron asserts that it "does not oppose entry of an order setting forth a process by which parties to this MDL must provide redacted copies to each other and to the public." This is exactly what Amgen's Proposed Order does. *See* ECF No. 164-2. Neither of Regeneron's belatedly raised reasons for opposing Amgen's motion justify delaying implementation of the Proposed Order.

*First*, the timeframes set forth in Amgen's Proposed Order are reasonable and necessary to facilitate timely, equitable, and orderly access for all the parties in this MDL to judicial materials. Producing redacted copies is not an onerous undertaking and is expected, if not required, in many jurisdictions. Regeneron's proposed alternative timeline is inflated and creates unnecessary delays that will significantly impair the parties' access to materials in these time sensitive proceedings.

Regeneron has systematically delayed production of redacted versions of documents made available by the other MDL Defendants. For example, Regeneron was provided with a redacted copy of Biocon's Opposition Brief from its permanent injunction proceedings on March 29, 2024. Ex. 1, at 1-2 (June 7, 2024 and June 10, 2024 email correspondence). Regeneron did not produce this document to Amgen ***until over 2.5 months later***, on June 14, 2024. Ex. 2 (June 14, 2024 Regeneron production letter). Regeneron has similarly delayed a week or more in producing

redacted documents made available by the other MDL Defendants. *Compare* Ex. 3, at 1-2 (June 5, 2024 email confirming service of redacted documents on Regeneron), *with* Ex. 4 (June 12, 2024 Regeneron production letter). Most recently, after the other MDL Defendants provided redacted documents to Regeneron on June 12, 2024, Regeneron represented to Amgen that it would produce those documents "late tomorrow or early next week" (i.e., by early in the week of June 17, 2024). Ex. 3, at 1 (June 12, 2024 email confirming service of redacted documents on Regeneron); Ex. 5, at 2 (June 13, 2024 email correspondence). Regeneron failed to produce those documents until the end of the next week, on June 21, 2024, and only after further prompting by Amgen. Ex. 5, at 1 (June 21, 2024 email correspondence); Ex. 6 (June 21, 2024 Regeneron production letter). Making matters worse, these delays appear to be strategic. When it was in Regeneron's interest to produce a redacted document to Amgen, Regeneron produced it on the same day it was received from the other MDL Defendant. Ex. 7 (June 27, 2024 email correspondence). When it was not in Regeneron's interest to produce a document to Amgen, Regeneron withheld it for months. Ex. 5, at 1-2 (June 12, 2024 and June 13, 2024 email correspondence); Ex. 2 (June 14, 2024 Regeneron production letter).

These delays are not innocuous. Given the expedited preliminary injunction proceedings, delays of a week in obtaining access to documents that could affect issues in the MDL are highly prejudicial and could deprive parties of a full and fair opportunity to litigate their cases effectively. As matters stand, Regeneron is the only party in the MDL that has full access across all the actions. A procedure is thus needed to ensure that access across the MDL is timely, equitable, and orderly.

*Second*, Regeneron's request to expand the scope of Amgen's Proposed Order to include past pleadings and supporting materials should have no bearing on whether Amgen's Proposed Order is entered. Indeed, Regeneron does not object to the application of Amgen's Proposed Order

2

to documents filed or served on or after June 11, 2024. What Regeneron seeks is an *expansion* of Amgen's Proposed Order to encompass all sealed filings and deposition transcripts. Regeneron's proposal ignores a consensus reached by the MDL Defendants. ECF. No. 164-1 at 4. Regeneron's proposal piggybacks off Amgen's and seeks to add relief to it. But Regeneron has had ample opportunity to seek recourse from the Court regarding access issues and chose to say nothing until now. Regeneron's belated attempt to graft additional relief onto a Proposed Order to which Amgen and the other MDL parties agreed should not affect the Court's resolution of Amgen's motion.

In view of the importance and time sensitivity around providing parties equal and orderly access to judicial materials in this MDL, Amgen respectfully requests entry of its Proposed Order.

July 3, 2024

Respectfully submitted,

**AMGEN INC.**

  /s/ John R. Labbe
John R. Labbe (PHV)
Kevin M. Flowers (PHV)
Thomas Burns (PHV)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606
(312) 474-6300

Ashley Hardesty Odell [WVSB # 9380]
ahardestyodell@bowlesrice.com
Kaitlyn N. McKitrick [WVSB #12782]
kmckitrick@bowlesrice.com
BOWLES RICE LLP
125 Granville Square
Morgantown, West Virginia 26505
(304) 285-2500 – Telephone
(304) 285-2575 – Facsimile

E. Anthony Figg (PHV)
Joseph A. Hynds (PHV)
Jennifer Nock (PHV)
Brett A. Postal (PHV)
ROTHWELL, FIGG, ERNST, & MANBECK, P.C.
901 New York Avenue, NW
Suite 900 East
Washington, D.C. 20001
(202) 783-6040

Wendy Whiteford (PHV)
Eric Agovino (PHV)
Chanson Chang (PHV)
Pauline Pelletier (PHV)
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320
(805) 447-1000

*Attorneys for Defendant Amgen Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on July 3, 2024, I caused a true and correct copy of the foregoing document to be filed and served on all counsel of record via the Court's ECF system.

    /s/ John R. Labbe
John R. Labbe
*Attorney for Defendant Amgen Inc.*